UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-20443-CIV-MORENO

ROBERT F. QUINTERO,

    Plaintiff,

vs.

JPMORGAN CHASE BANK,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT JP MORGAN'S MOTION TO DISMISS

This case arises from a state-court foreclosure sale. In 2005, Robert Quintero executed a note and mortgage in favor of Washington Mutual Bank, FA., which JPMorgan Chase Bank later acquired. In 2009, Chase brought a foreclosure action against Quintero in Florida state court. In December 2014, the state court entered a consent final judgment of foreclosure. On the date this foreclosure judgment was entered, Chase was not the owner or servicer of the note; however, Chase continued to prosecute the foreclosure action. In a series of state trial and appellate court proceedings, Quintero unsuccessfully challenged the foreclosure judgment and foreclosure sale, arguing, *inter alia*, that Chase was not a proper plaintiff in the foreclosure action. On February 2, 2017, Quintero filed this 16-count complaint against five defendants alleging: (1) violations of the Fair Debt Collection Practices Act; (2) violations of the Florida Consumer Collection Practices Act; (3) violations of the Florida Deceptive and Unfair Trade Practices Act; (4) fraud; and (5) entitlement to injunctive relief.[1] Four of the five defendants' motions to dismiss were

---

[1] Two weeks after Quintero filed this case, he filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Florida. But one month later, the bankruptcy court dismissed the case.

granted by default under S.D. Fla. L.R. 7.1(c) for Quintero's failure to timely oppose. Although the claims against those four defendants were dismissed without prejudice, Quintero has not filed a new action, instead choosing only to proceed against the sole remaining defendant, Chase.

Chase moves to dismiss the claims on the following grounds: (1) the *Rooker-Feldman* doctrine bars the claims; (2) *res judicata* and collateral estoppel bar the claims; (3) the Fair Debt Collection Practices Act claims and Florida Consumer Collection Practices Act claims are time-barred; (4) Florida's litigation privilege precludes the Florida Consumer Collection Practices Act claims; (5) the Florida Deceptive and Unfair Trade Practices Act does not apply to Chase; and (6) the Anti-Injunction Act bars injunctive relief. Quintero argues that he does not seek review or reversal of any state-court proceedings. Rather, because Chase is not the owner or ultimate beneficiary of the judgment, Quintero contends that he seeks relief against Chase for prosecuting the execution of the state-court foreclosure judgment.

The *Rooker-Feldman* doctrine prohibits a party from seeking relief in federal court after being denied the same relief in state court. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The Eleventh Circuit uses a two-factor analysis to determine whether the *Rooker-Feldman* doctrine bars a federal challenge to a state-court judgment: (1) whether the state court rendered judgment before the district court proceedings commenced; and (2) whether the plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments. *Cormier v. Horkan*, 397 F. App'x 550, 552-53 (11th Cir. 2010). In analyzing this second factor,

courts evaluate whether the plaintiff's claims are "inextricably intertwined" with the state-court judgment, meaning they would "effectively nullify the state-court judgment or [succeed] only to the extent that the state court wrongly decided the issue." *Id.* at 553.

Here, both elements are met. First, Quintero filed this federal complaint more than two years after the state court entered the foreclosure judgment, and also after defeat in state appellate court. Second, although Quintero seeks money damages under the guise of statutory and common law violations, Quintero cannot succeed without a determination that directly contradicts the state-court action—that Chase is ***not*** entitled to proceed with the judicial sale. Thus, although none of the 16 counts specifically seek review of the state-court judgment, the claims are "inextricably intertwined." Quintero essentially asks this Court to act as a second appellate court and to find that Chase is an improper plaintiff in the foreclosure action. Having already lost on this issue in state court, Quintero cannot come to this Court to seek the relief he was unable to get in that venue. These are precisely the types of claims that the *Rooker-Feldman* doctrine seeks to prevent. Therefore, it is

**ORDERED AND ADJUDGED** that Chase's Motion to Dismiss is **GRANTED** as Quintero's claims are barred by the *Rooker-Feldman* doctrine.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ of July 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] Although Chase's other arguments for dismissal of some or all of Quintero's claims may have merit, the Court need not reach these arguments because the *Rooker-Feldman* doctrine bars all of Quintero's claims.